IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES COPPEDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1412 (MN) |
| | ) |
| ORLANS PC, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

James Coppedge, Dover, DE – *Pro Se* Plaintiff

John E. Tarburton, ORLANS PC, Wilmington, DE – Attorney for Defendants

August 9, 2022
Wilmington, Delaware


**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff James Coppedge ("Plaintiff" or "Coppedge"), who proceeds *pro se*, filed this action on October 4, 2021. (D.I. 1). Defendants move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and the Rooker-Feldman Doctrine. (D.I. 3). Plaintiff has filed a motion to void wrongful sale, motion to void unlawful transfer of private personal property, request for default, and motions for default judgment. (D.I. 9, 13, 15, 19, 20, 23).

**I.     BACKGROUND**

This Court takes judicial notice of *JDT/LM US Bank National Association v. Coppedge*, C.A. No. K11L-02-042 NEP (Del. Super.), filed after Coppedge defaulted on his mortgage obligations. (D.I. 4-1 at 30-67). While the matter was pending, Coppedge sought relief from the Delaware Supreme Court on three occasions; 2011,[1] 2014,[2] and 2017.[3] Coppedge also sought relief in this Court when, on January 18, 2012, he commenced an action with a pleading titled, "permission to appeal order from the Supreme Court of Delaware and stay injunction pending appeal." *See Coppedge v. US Bank National Association*, C.A. No. 12-cv-0051-GMS, 2014 WL 38228384 (D. Del. July 30, 2014). This Court dismissed the action, Coppedge appealed, and the

---

[1]   On October 20, 2011, Coppedge appealed the Superior Court's order that granted summary judgment in favor of U.S. Bank National Association. *Coppedge v. U.S. Bank National Association*, 35 A.3d 418, 2011 WL 6393197 (Del. Dec. 19, 2011) (table). The Delaware Supreme Court affirmed the judgment of the Superior Court. *Id*.

[2]   On August 29, 2014, Coppedge appealed the Superior Court's order that denied his "petition/motion to set aside judgment of Sheriff's Sale due to full settlement of the accounting and stay proceeding pending trial by jury". *Coppedge v. U.S. Bank National Association*, 103 A.3d 514, 2014 WL 5784006 (Del. Nov. 5, 2014) (table). The Delaware Supreme Court affirmed the judgment of the Superior Court. *Id.*

[3]   On October 27, 2017, Coppedge appealed the Superior Court's order that granted USBank National Association's writ of possession. *Coppedge v. US Bank National Association*, 176 A.3d 122, 2017 WL 5903359 (Del. Nov. 29, 2017) (table). The Delaware Supreme Court dismissed the appeal for lack of jurisdiction. *Id.*

appeal was dismissed for failure to file a brief. *See Coppedge v. US Bank National Association*, No. 14-4332 (3d Cir. Aug. 7, 2014).

The mortgage property was sold at a Sheriff's Sale on October 3, 2019, and a deed executed to the buyer on December 30, 2019. (D.I. 4-1 at 59-63). A notice to vacate the premises was mailed to Coppedge on September 22, 2021. (*Id.* at 65).

Coppedge commenced this action on October 4, 2021. (D.I. 1). The case is captioned:

| | |
|---|---|
| James Coppedge, sui juris<br>Attorney-in-Fact of: JAMES COPPEDGE,<br>DEBTOR © Ens legis, | )<br>)<br>) |
| Third Party Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| SPECIALIZED LOAN SERVICING, LLC.<br>and ORLANS PC, AGENT OF BANC OF<br>AMERICA, U.S. BANK, | )<br>)<br>) |
| Third Party Respondents. | )<br>) |

The initial pleading, titled as a "motion" was docketed as a complaint. (D.I. 1). It includes a "table of authority" and a supporting brief that alleges violations of Coppedge's civil rights because of due process violations due to Defendants' unlawful debt collection practices. (*Id*. at 4, 7). The "motion" seeks dismissal, a stay of unlawful proceedings, and to vacate a void judgment in support of Coppedge's counterclaim under Fed. R. Civ. P. 60(b)(3) and pursuant to 18 U.S.C. § 1962(a) for fraudulent debt collection while operating under color of law pursuant to 42 U.S.C. § 1983. (*Id*. at 8).

The motion states that "[t]his lawsuit is a notice of default and dishonor against" Defendants for failure to honor due process of law. (*Id*. at 9). Coppedge alleges that Defendants' claim and demand to vacate are invalid, that the property was unjustly sold in September 2019, that it was redeemed, and that he did not receive lawful notification of the sale of the property.

2

(*Id.* at 10-11). Coppedge refers to foreclosure of the property at issue for his failure to pay the debt which he disputes as having been discharged through bankruptcy proceedings. (*Id.* at 11-12). Coppedge alleges violations of the Fair Debt Collection Practices Act. (*Id*. at 12). Finally, he alleges fraud was committed and that the statute of limitations had passed when Defendant Specialized Loan Servicing LLC's agent bought a "useless dead debt" on June 1, 2016. (*Id*.).

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and the Rooker-Feldman Doctrine. (D.I. 3). Plaintiff opposes and, as noted above, has filed multiple motions.

## II.   LEGAL STANDARDS

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When presented with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id*. at 210-11. Second, the Court determines "whether the facts alleged in the complaint are sufficient to show . . . a 'plausible claim for relief.'" *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also*

3

*Fowler*, 578 F.3d at 210.  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The Court is not obligated to accept as true "bald assertions" or "unsupported conclusions and unwarranted inferences." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997).  Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim.  *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).  In addition, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## III.   DISCUSSION

This is yet another attempt by Coppedge to overturn rulings and regain foreclosed property that was sold at a Sheriff's Sale.  The Rooker-Feldman Doctrine[4] bars a losing party in state court "from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 287 (2005).  The Rooker-Feldman Doctrine applies when four requirements are met: (1) the federal plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state-court judgment, (3) that judgment issued before the federal suit was filed, and (4) the plaintiff invites the district court to review and reject the state-court judgment.  *Philadelphia Entm't & Dev. Partners, LP v.*

---

[4] *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

4

*Department of Revenue*, 879 F.3d 492, 500 (3d Cir. 2018) (citing *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010)).

Coppedge is no stranger to the Rooker-Feldman Doctrine. *See Coppedge v. City of Philadelphia*, 514 F. App'x 80 (3d Cir. 2013) (affirming dismissal of mortgage foreclosure claims by reason of Rooker-Feldman Doctrine); *Coppedge v. Charlton*, C.A. No. 19-1640 (MN), 2019 WL 4857469 (D. Del. Oct. 2, 2019) (Rooker-Feldman barred Coppedge's mortgage foreclosure challenge); *Coppedge v. Conway*, C.A. No. 14-1477-GMS, 2015 WL 168839 (D. Del. Jan. 12, 2015) (Rooker-Feldman Doctrine barred Coppedge's challenges to mortgage foreclosure proceedings); *Coppedge v. Beaumont*, Civ.A. No. 10-394-GMS, 2010 WL 2382944, at *3 (D. Del. June 11, 2010) (Coppedge's request that Court vacate sheriff's sale of the property clearly implicates Rooker-Feldman Doctrine). To the extent Coppedge challenges a state-court judgment pertaining to the mortgage foreclosure action, the claim is barred by the Rooker-Feldman Doctrine. *See Great W. Mining & Mineral Co.*, 615 F.3d at 166 (prohibiting actions where "the plaintiff is inviting the district court to review and reject the state judgments"). Throughout the mortgage foreclosure action, the Delaware Courts have ruled against Coppedge. In essence, he asks this Court to determine that those rulings were in error and to grant relief from rulings in State Court proceedings which have concluded.

In the alternative, to the extent that Coppedge's filings, when construed liberally, allege claims that survive *Rooker-Feldman* scrutiny, *see Lance v. Dennis*, 546 U.S. 459, 464 (2006) (per curiam), he has failed to articulate sufficient facts to state a claim upon which relief can be granted. *See Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 225 (3d Cir. 2011). The initial filing is not a model of clarity and at times is incomprehensible. It refers to numerous statutes and it is difficult,

5

if not impossible, to discern how and under which statute each Defendant allegedly wronged Coppedge. It simply does not meet the pleading standards of *Iqbal* and *Twombly*.

Because the pleadings do not include any allegations suggesting that Coppedge could conceivably establish subject matter jurisdiction or state a claim, this Court finds that any amendment of Coppedge's claims would be futile. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (finding that "futility" may "justify a denial of leave to amend").

## IV. CONCLUSION

For the above reasons, the Court will: (1) grant Defendants' motion to dismiss (D.I. 3) and dismiss the matter for lack of subject matter jurisdiction; and (2) deny as moot Plaintiff's motions (D.I. 9, 13, 15, 19, 20, 23). Amendment is futile.

An appropriate order will be entered.