IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES COPPEDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 21-1412 (MN) |
| | ) |
| ORLANS PC, et al., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington, this 8th day of September 2022:

1.  **Introduction.** Plaintiff proceeds *pro se*. On August 9, 2022, this Court granted Defendants' motion to dismiss (D.I. 3), and denied Plaintiff's motion to void wrongful sale (D.I. 9), motion to void unlawful transfer of private personal property (D.I. 13), request for default (D.I. 15), and motions for default judgment (D.I. 19, 20, 23). The Court determined that it did not have subject matter over Plaintiff's claims based on the Rooker-Feldman doctrine. *See D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983)*; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Plaintiff moved for reconsideration (D.I. 28) and the Court denied the motion (D.I. 29). Plaintiff once again moves for "reconsideration with sactions [sic] for ratification of discharged of debt/setoff". (D.I. 30).

2.  **Discussion.** The standard for obtaining relief under Rule 59(e) is difficult to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v.*

*Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). A motion for reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *see also* D. Del. LR 7.1.5.

3.  Plaintiff asks this Court to reconsider "its Order on or about August 02, 2022 . . . ordering the case to be closed" arguing that there was sufficient evidence to support his claims and that the Court abused its discretion in failing to credit Plaintiff's testimony and "failing to consider HJR-192 in the matter of the Petition for Asseveration and Notice or Default and Res Judicata filed with the Delaware District Court on May 20, 2022." (D.I. 30). Plaintiff does not set forth any argument related to the basis of the Court's August 2022 decision to dismiss the case (lack of subject matter jurisdiction under *Rooker-Feldman*).

4.  This Court has reviewed and considered Plaintiff's motion. He has, however, failed to set forth any intervening changes in controlling law, new evidence, or clear errors of law or fact made by the Court to warrant granting reconsideration. *See Max's Seafood Café*, 176 F.3d at 677.

5.  **Conclusion.** THEREFORE, for the reasons set forth above, IT IS HEREBY ORDERED Plaintiff's motion for reconsideration (D.I. 30) is DENIED.

2brief reason

3

IT IS FURTHER ORDERED that Plaintiff is placed on notice that the Court will docket but will not consider future requests/motions for reconsideration the Court's prior rulings. This case remains CLOSED.

_____
The Honorable Maryellen Noreika
United States District Judge